UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60311-CIV-DAMIAN

**VICENTE HAZIEL PEREZ-ALONZO**,

      Petitioner,
v.

**KRISTI NOEM**, Secretary, Department
of Homeland Security, *et al.*,

      Respondents.
_____/

**ORDER GRANTING IN PART *HABEAS* PETITION**

**THIS CAUSE** is before the Court upon Petitioner, Vicente Haziel Perez-Alonzo's ("Petitioner"), Petition for Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition")], filed February 4, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 6] on February 11, 2026 [ECF No. 7 ("Response")].

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised. For the reasons set forth below, the Petition is granted in part.

## I. BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the Petition. *See generally* Pet.

Petitioner is a native and citizen of Honduras who is currently detained by Immigration and Customs Enforcement ("ICE") at the Broward Transitional Center. Pet. ¶¶ 1, 15. While still a minor, Petitioner entered the United States on February 9, 2019, by crossing near Hidalgo, Texas, allegedly fleeing from persecution in Honduras. *Id.* ¶¶ 2, 11.

Following his entry, Petitioner was issued a Notice to Appear ("NTA") and placed into removal proceedings under section 240 of the Immigration and Nationality Act ("INA"). [ECF No. 1-1, at 2]. The NTA charged Petitioner with removability pursuant to Section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182. *Id.* The NTA also designated that Petitioner is "an alien present in the United States who has not been admitted or paroled." *Id.* Petitioner thereafter filed applications for asylum, withholding of removal, and protection under the Convention Against Torture, which were accepted and remain pending. Pet. ¶ 12.

On December 3, 2025, Petitioner was detained by ICE following a traffic stop in which he was a passenger and taken into immigration custody. *Id.* ¶ 13. He has remained in immigration custody since that date. *Id.* On January 12, 2026, Petitioner appeared before an Immigration Judge at the Miami Krome Immigration Court seeking a custody redetermination pursuant to 8 U.S.C. § 1226(a). *Id.* ¶ 14. The Immigration Judge denied the request on jurisdictional grounds, concluding that the Immigration Court lacked authority to conduct a custody redetermination pursuant to *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2026), and, on that basis, refused to conduct any bond hearing or individualized custody determination, including any assessment of danger to the community, risk of flight, community or family ties, employment, or alternatives to detention. *Id.*; [ECF No. 1-1, at 5].

In the Petition before this Court, Petitioner argues, generally, that he is entitled to a bond determination hearing because he is subject to detention pursuant to 8 U.S.C. § 1226(a), under which noncitizens are entitled to discretionary custody determinations and may request a bond hearing before an Immigration Judge to determine whether continued detention is justified. Pet. ¶ 5. Petitioner seeks immediate release, or in the alternative an order directing

Respondents to provide him with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) before a neutral Immigration Judge with authority to grant release. *Id.* ¶ 9.

In lieu of a formal responsive memorandum of law, and while reserving all rights, including the right to appeal, Respondents submitted an abbreviated Response to this Court's Order to Show Cause to conserve resources and to expedite the Court's consideration of this matter. *See generally* Resp. In the Response, Respondents recognize that the issue before this Court concerns the statutory authority for ICE's detention of Petitioner under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a), whether Petitioner is entitled to a bond hearing, and if so, whether Petitioner must first exhaust his administrative remedies. *Id.* at 1. Respondents argue that Petitioner is subject to mandatory detention under Section 1225(b)(2) because he was present in the United States without being admitted or paroled. *Id.* at 2 (citing cases). Respondents, however, acknowledge that courts in this District, including the undersigned, have reached the opposite conclusion. *See id.* at 2–3 (citing cases concluding that jurisdiction is not barred by 8 U.S.C. § 1252, exhaustion was not required, and that the petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)); *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (Dec. 23, 2025) ("[T]his Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b)").[1]

## II.   LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf*

---

[1] Respondents indicate that they are seeking an appeal in the Eleventh Circuit of the judgment that 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b), governs detention under the facts presented in these cases.

3

*v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

### A. *Administrative Exhaustion.*

The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I&N Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga*

4

*v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition now before it.

### B. Petitioner's Detention Under Section 235(b).

Petitioner asserts that his detention is governed by 8 U.S.C. section 1226(a), which allows for the release of noncitizens on bond. *See* Pet. ¶ 5.

As noted by Respondents, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases,[2] and as previously indicated, this Court agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). Like Chief Judge Altonaga and the majority of District Courts throughout the country that have analyzed this issue, this Court finds that 8 U.S.C. § 1226(a)

---

[2] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026).

and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

Because this Court finds in favor of Petitioner on the first grounds raised in his Petition and will grant the relief he seeks, this Court declines to analyze the other bases for relief asserted in the Petition.

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **February 24, 2026**. It is further

**ORDERED** that on or before **March 6, 2026**, Petitioner shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

**ORDERED AND ADJUDGED** that Petitioner's Motion for Temporary Restraining Order [**ECF No. 4**] is **DENIED AS MOOT**.

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 14th day of February, 2026.

_____
MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record